J-S26002-21

2022 PA Super 5

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DYLAN RAY BANKO | |
| Appellant | No. 1564 MDA 2020 |

Appeal from the Judgment of Sentence entered November 25, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0000352-2018

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

OPINION BY STABILE, J.:                    **FILED: JANUARY 5, 2022**

Appellant, Dylan Ray Banko, appeals from the judgment of sentence imposed on November 25, 2020 in the Court of Common Pleas of Dauphin County following his conviction of various charges, including driving under the influence ("DUI").  The charges stemmed from a series of events that culminated in motor vehicle accident on October 19, 2017, following which Appellant was transported to Hershey Medical Center for treatment.  Appellant contends the trial court violated his Sixth Amendment right of confrontation when it permitted testimony from Hershey Medical Center laboratory supervisor Monica Straub regarding blood alcohol content ("BAC") results generated in the course of Appellant's hospital treatment.  Following review, we affirm.

As the trial court explained in its Rule 1925(a) opinion, following a September 2020 trial, Appellant was found guilty by a jury of aggravated assault by vehicle while DUI, accidents involving death or personal injury, DUI: highest rate of alcohol—first offense, and DUI: general impairment/incapable of safe driving.[1] The court found Appellant guilty of one count each of reckless driving and driving the wrong way.[2] Following completion of a pre-sentence investigation, the trial court sentenced Appellant on November 25, 2020 to an aggregate term of ten to twenty-three months in the Dauphin County Prison followed by three years of county probation. Rule 1925(a) Opinion, 11/15/21, at 2. This timely appeal followed. Appellant filed a Rule 1925(b) statement raising a sufficiency of evidence claim and a Confrontation Clause issue. The trial court initially issued a statement in lieu of a Rule 1925(a) opinion, finding all issues waived for failure to request and file trial transcripts.

Appellant filed a brief with this Court and a reproduced record that included the trial transcripts. In his brief, Appellant reiterated his Confrontation Clause claim and indicated he was abandoning his sufficiency claim. Appellant's Brief at 6, n.2. He requested that we provide the trial court the opportunity to file an amended Rule 1925(a) opinion, recognizing the trial

---

[1] 75 Pa.C.S.A. §§ 3735.1(a), 3742(a), 3802(b), and 3802(a)(1), respectively.

[2] 75 Pa.C.S.A. §§ 3735(a) and 3308)(b), respectively.

transcripts were included in his reproduced record. The Commonwealth filed a brief, joining in the request for a remand and issuance of a Rule 1925(a) opinion.

By judgment order entered October 14, 2021, we remanded the case, instructing Appellant to make the transcripts part of the certified record so we may consider them on appeal (citing **Commonwealth v. Brown**, 161 A.3d 960, 968 (Pa. Super. 2017)), and instructing the trial court to issue a Rule 1925(a) opinion addressing Appellant's confrontation issue only. The transcripts are now a part of our certified record and the trial court issued its Rule 1925(a) Opinion on November 15, 2021. We now consider Appellant's Confrontation Clause issue, which he phrased as follows:

> **Confrontation Clause Violation.** Whether testimony of the Laboratory Supervisor satisfied the Confrontation Clause when the supervisor did not perform or observe the BAC test.

Appellant's Brief at 6.

As this Court stated in **Commonwealth v. Yohe**, 79 A.3d 520 (Pa. 2013), "Whether the admission of [a] toxicology report violated appellant's rights under the Confrontation Clause is a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Id.** at 530 (citation and some capitalization omitted). In **Yohe**, the Court looked to decisions from the United States Supreme Court recognizing that the Confrontation Clause of the Sixth Amendment is "made applicable to the States *via* the Fourth Amendment" and provides that "[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" *Id.* at 530-31 (quoting *Pointer v. Texas*, 380 U.S. 400 (1965)).  Citing *Crawford v. Washington*, 541 U.S. 36 (2004), the Court explained that the Confrontation Clause "prohibits out-of-court **testimonial statements** by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination."  *Id.* at 531 (citing *Crawford*, 541 U.S. at 53-56) (emphasis added).

Because non-testimonial statements do not implicate Confrontation Clause concerns,[3] we first consider whether testimony regarding the BAC results presented during Appellant's trial constituted a testimonial or non-testimonial statement.  Here, Appellant's blood was tested as part of his hospital treatment following an automobile accident.  After the accident, Appellant was transported to the hospital by EMS, which was summoned in light of the fact Appellant was reported to be a diabetic and was complaining of face, neck, and back pains after driving his car off the road and into a field.  Notes of Testimony ("N.T."), 9/14/20, at 222.

Upon arrival at the hospital, Appellant was belligerent and was sedated before radiologic studies were performed.  While Appellant was in the trauma

---

[3] "Under *Crawford*, . . . the Confrontation Clause has no application to [out-of-court non-testimonial] statements and therefore permits their admission even if they lack indicia of reliability."  *Whorton v. Bockting*, 549 U.S. 406, 420 (2007).

unit, one of the trauma team nurses drew his blood into several trauma panels coded with multiple colors, one of which was green. ***See*** N.T., 9/15/20, at 262-65. The panels were placed by a lab tech into a Ziploc bag and were sent through a pneumatic tube to the lab, where the blood in the green-capped tube was centrifuged by lab assistant Dave Achenbach, who testified as to the process. ***Id.*** at 279-82. After centrifuging, which isolates the plasma to be tested for alcohol, a medical technologist places the tube on the Roche machine, where a reagent is added, causing a reaction. A calibration curve then produces a BAC result that is entered in the computer. ***Id.*** at 300-01. Basically, the technologist opens the tube, places it in a rack, hits a button, "[a]nd 10 minutes later you have results," which are automatically entered into the computer and auto-filed in the patient's medical record. ***Id.*** at 301-03.[4] Doctors and nurses at Hershey Medical Center rely on the toxicology reports when treating their patients. ***Id.*** at 303, 304, 341.

Because it is the machine that analyzes the sample and produces the results, it is important that the machine is calibrated and that quality control measures are in place to produce accurate results, matters to which lab supervisor Monica Straub testified. ***Id.*** at 294-328. As the trial court observed, the Roche machine on which Appellant's blood was analyzed "did not conduct its analysis in preparation of the trial, but rather for medical

---

[4] Hershey Medical Center does not track which technologist places the tubes on the rack in the Roche machine. N.T., 9/15/20, at 312-13.

purposes only as it states on the toxicology report. Accordingly, these tests are conducted and results maintained in the regular course of business (medical treatment)." Rule 1925(a) Opinion, 11/15/21, at 6 n.10.

In analyzing whether a statement was testimonial, our Supreme Court in **Yohe** also looked to **Melendez-Diaz v. Massachusetts**, 557 U.S. 305 (2009), in which the High Court determined scientific reports were testimonial in nature and were subject to the Confrontation Clause. In **Melendez-Diaz**, charges were brought for distributing cocaine and trafficking in cocaine. The drugs in that case were found in the police cruiser in which Melendez-Diaz and two others were transported to the police station. The drugs were sent to a state laboratory where they were analyzed in response to the police request. At trial, the police presented the drugs into evidence along with "certificates of analysis" reflecting that the substance tested was cocaine. While the certificates were sworn to before a notary public by state lab analysts as required by Massachusetts law, the Court determined that Confrontation Clause rights were violated when the certificates of analysis were introduced without testimony from the analysts who conducted that testing. The High Court looked to **Crawford** and explained:

> In **Crawford**, after reviewing the [Confrontation] Clause's historical underpinnings, we held that it guarantees a defendant's right to confront those "who 'bear testimony'" against him. 541 U.S., at 51[.] A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination. **Id.**, at 54[.]

- 6 -

Our opinion described the class of testimonial statements covered by the Confrontation Clause as follows:

"Various formulations of this core class of testimonial statements exist: *ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; **statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial**."

*Melendez-Diaz*, 557 U.S. at 309-10 (quoting *Crawford*, 541 U.S. at 51-52) (emphasis added).[5]

The Court in *Yohe* also considered *Bullcoming v. New Mexico*, 564 U.S. 647 (2011). In *Bullcoming*, following an automobile accident, Bullcoming was apprehended by an officer who conducted field sobriety tests, which Bullcoming failed. The officer arrested Bullcoming for driving under the influence. When Bullcoming refused to take a breath test, the police obtained a warrant authorizing a blood alcohol analysis. Pursuant to the warrant, a sample of his blood was drawn at a local hospital and was sent to a state-run

---

[5] In *Crawford*, the prosecution played for the jury a tape-recorded statement made to police by Crawford's wife, who did not testify at trial based on state marital privilege. In that statement, the wife described events in which her husband stabbed a man who had previously attempted to rape her. The statement, which was offered to defeat Crawford's claim of self-defense, was found to violate the Confrontation Clause because Crawford had no opportunity for cross-examination.

laboratory for analysis. The state analyst assigned to test the blood certified the results revealing a BAC of .21%. However, that analyst did not testify at trial because, for reasons not disclosed at trial, that analyst had been placed on unpaid leave. The prosecution attempted to introduce the BAC report through another lab employee familiar with the process.

The High Court concluded that Bullcoming's Confrontation Clause rights were violated and, citing **Melendez-Diaz**, reiterated that, "[a]s a rule, if an out-of-court statement is testimonial in nature, it may not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused has had a prior opportunity to confront that witness." **Bullcoming**, 564 U.S. at 657.

Justice Sotomayor provided the fifth vote holding that the trial court erred in admitting the BAC report. However, she wrote separately for two reasons, "first to highlight why I view the report at issue to be testimonial—specifically because its 'primary purpose' is evidentiary—and second to emphasize the limited reach of the Court's opinion." **Id.** at 668 (Sotomayor, J., concurring). The Justice explained:

> Under our precedents, the New Mexico Supreme Court was correct to hold that the certified BAC report in this case is testimonial.
>
> To determine if a statement is testimonial, we must decide whether it has "a primary purpose of creating an out-of-court substitute for trial testimony." **Michigan v. Bryant**, 562 U.S.

344, 358[] (2011).[6]  When the "primary purpose" of a statement is "not to create a record for trial," ***ibid.***, "the admissibility of [the] statement is the concern of state and federal rules of evidence, not the Confrontation Clause," ***id.***, at 359[.]

This is not the first time the Court has faced the question whether a scientific report is testimonial.  As the Court explains, ***ante***[,] in ***Melendez–Diaz***[,] we held that "certificates of analysis," completed by employees of the State Laboratory Institute of the Massachusetts Department of Public Health, ***id.***, at 308[,] were testimonial because they were "incontrovertibly  . . . ` "solemn

---

[6] In ***Bryant***, the Court held that a shooting victim's identification of his shooter and location of the shooting were not testimonial statements because the circumstance of the interaction between the victim, who died, and the police indicated that the "primary purpose of the interrogation was to enable police assistance to meet an ongoing emergency." ***Bryant***, 562 U.S. at 349 (quoting ***Davis v. Washington***, 547 U.S. 813, 822 (2006) (internal quotations omitted)).

As our Supreme Court reiterated in ***Commonwealth v. Allshouse***, 36 A.3d 163 (Pa. 2012):

When, as in ***Davis***, the primary purpose of an interrogation is to respond to an "ongoing emergency," its purpose is not to create a record for trial and thus is not within the scope of the [Confrontation] Clause.  But there may be *other* circumstances, aside from ongoing emergencies, when a statement is not procured with a primary purpose of creating an out-of-court substitute for trial testimony.  In making the primary purpose determination, standard rules of hearsay, designed to identify some statements as reliable, will be relevant.  Where no such primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause.

***Id.*** at 174 (quoting ***Bryant***, 562 U.S. at 358-59 (emphasis in original; footnote omitted)).  In ***Allshouse***, the Court concluded the primary purpose of a statement given to a caseworker by the four-year-old daughter of the appellant was non-testimonial and was admissible under the tender years exception to the hearsay rule.

declaration[s] or affirmation[s] made for the purpose of establishing or proving some fact," ' " *id.*, at 310[,] (quoting *Crawford*[, 541 U.S. at 36], in turn quoting 2 N. Webster, An American Dictionary of the English Language (1828)).

As we explained earlier this Term in *Michigan v. Bryant*, "[i]n making the primary purpose determination, standard rules of hearsay . . . will be relevant." 562 U.S., at 358-359[.] As applied to a scientific report, *Melendez–Diaz* explained that pursuant to Federal Rule of Evidence 803, "[d]ocuments kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status," except "if the regularly conducted business activity is the production of evidence for use at trial." 557 U.S., at 321[,] (citing Fed. Rule Evid. 803(6)). In that circumstance, the hearsay rules bar admission of even business records. Relatedly, in the Confrontation Clause context, business and public records "are generally admissible absent confrontation . . . because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Melendez–Diaz*, 557 U.S., at 324[.] We concluded, therefore, that because the purpose of the certificates of analysis was use at trial, they were not properly admissible as business or public records under the hearsay rules, *id.*, at 321-322[,] nor were they admissible under the Confrontation Clause, *id.*, at 324[.] The hearsay rule's recognition of the certificates' evidentiary purpose thus confirmed our decision that the certificates were testimonial under the primary purpose analysis required by the Confrontation Clause. *See id.*, at 311[] (explaining that under Massachusetts law not just the purpose but the "*sole purpose* of the affidavits was to provide" evidence).

Similarly, in this case, for the reasons the Court sets forth the BAC report and [analyst's] certification on it clearly have a "primary purpose of creating an out-of-court substitute for trial testimony." *Bryant*, 562 U.S., at 358[.] The Court also explains why the BAC report is not materially distinguishable from the certificates we held testimonial in *Melendez–Diaz. See* 557 U.S., at 308[.]

The formality inherent in the certification further suggests its evidentiary purpose. Although "[f]ormality is not the sole touchstone of our primary purpose inquiry," a statement's formality or informality can shed light on whether a particular

statement has a primary purpose of use at trial. ***Bryant***, 562 U.S., at 366[.] . . .

In sum, I am compelled to conclude that the report has a "primary purpose of creating an out-of-court substitute for trial testimony," ***Bryant***, 562 U.S., at 358[.]

***Id.*** at 669-72 (Sotomayor, J., concurring) (footnotes omitted). Further, she

noted:

[T]his is not a case in which the State suggested an alternative purpose, much less an alternative *primary* purpose, for the BAC report. For example, the State has not claimed that the report was necessary to provide Bullcoming with medical treatment. ***See Bryant***, 562 U.S. 344, 362, n. 9[.] (listing "Statements for Purposes of Medical Diagnosis or Treatment" under Federal Rule of Evidence 803(4) as an example of statements that are "by their nature, made for a purpose other than use in a prosecution"); ***Melendez–Diaz***, 557 U.S., at 312, n. 2[,] ("[M]edical reports created for treatment purposes . . . would not be testimonial under our decision today")[.]

***Id.*** at 672 (Sotomayor, J., concurring).

Appellant cites ***Crawford***, ***Melendez-Diaz*** and ***Bullcoming*** in support

of his Confrontation Clause claims. He also relies on this Court's decision in

***Commonwealth v. Barton-Martin***, 5 A.3d 363 (Pa. Super. 2010). In that

case, an officer observed a vehicle operated by Barton-Martin run a red light.

The officer then followed the vehicle and, after observing the car speeding and

weaving within its lane for a half mile, activated his lights and executed a

traffic stop. The officer smelled alcohol on Barton-Martin's breath, and noticed

slurred speech and glassy eyes. After Barton-Martin failed field sobriety tests

and a preliminary breath test, the officer arrested her and transported her to

Hanover Hospital for a legal blood draw. The sample tested produced a BAC of .209%.

At trial, the prosecution attempted to admit the lab report as a business record through testimony of the hospital's custodian of records rather than call as a witness the lab technician who performed the test on Barton-Martin's blood sample. Based on **Melendez-Diaz**, because it not shown that the lab technician was unavailable and that Barton-Martin had an opportunity to cross-examine her, this Court found that admission of the BAC lab results violated Barton-Martin's right to confrontation and her conviction for highest rate of alcohol was reversed.

Appellant argues that, just as in **Barton-Martin**, his confrontation rights were violated and his DUI convictions should not stand. However, while citing **Barton-Martin** and the United States Supreme Court's decisions in **Crawford**, **Melendez-Diaz** and **Bullcoming** in support of his arguments, Appellant fails to appreciate one critical distinction between the case before us and the ones on which he relies. In each of those cases, the statement at issue was the product of a police investigation following an arrest; the primary purpose for the statement was to support an arrest for DUI (**Barton-Martin** and **Bullcoming**), to support an arrest for cocaine possession (**Melendez-Diaz**), and to support an arrest for assault and attempted murder (**Crawford**). In other words, the primary purpose of the statements was to create an out-of-court substitute for trial testimony. By contrast, as detailed

above, Appellant's blood was tested as part of his hospital treatment following an automobile accident. Again, as the trial court observed, the machine on which Appellant's blood was analyzed "did not conduct its analysis in preparation of the trial, but rather for medical purposes only[,] as it states on the toxicology report. Accordingly, these tests are conducted and results maintained in the regular course of business (medical treatment)." Rule 1925(a) Opinion, 11/15/21, at 6 n.10.

As our Supreme Court reiterated in **Allshouse**, "[I]n analyzing whether a statement is testimonial, and, therefore, subject to the protections of the Confrontation Clause under **Crawford**, a court must determine whether the primary purpose of the interrogation was to establish or prove past events relevant to a later criminal prosecution." **Allshouse**, 36 A.3d at 175. As the prosecutor observed in the instant case, none of the individuals whom the defense asserted would be proper witnesses regarding Appellant's BAC results "are the ones that certified the accuracy of the test. The machine generates that number and it goes immediately into the medical record for the treatment of the patient. So it's not like [National Medical Services Labs] where you're preparing for court and someone is certifying a result." N.T., 9/15/20, at 311. We agree. We find the primary purpose of Appellant's BAC testing was neither to establish nor prove past events relevant to a later criminal prosecution, but rather was for the purpose of Appellant's medical treatment. Therefore, the testimony presented at trial was not testimonial.

Because we conclude that testimony at issue here was non-testimonial, we find that Appellant's Confrontation Clause rights were not violated. Therefore, we affirm Appellant's judgment of sentence.[7]

Judgment of sentence affirmed.

This decision was reached prior to the retirement of Judge Musmanno.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/05/2022

---

[7] Although we reach our conclusion for reasons different from those stated by the trial court, we recognize that an appellate court may affirm a decision of the trial court for any reason supported by the record. ***Allshouse***, 36 A.3d at 182.