J-S02024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL A. BURRUS | : | |
| | : | |
| Appellant | : | No. 2690 EDA 2022 |

Appeal from the PCRA Order Entered October 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008742-2009

BEFORE: LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 16, 2024**

Daniel A. Burrus (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court competently detailed the underlying facts in its opinion:

> On March 30, 2009, police officers responded to reports of gunshots in West Philadelphia. When they arrived at the scene, they heard the faint noise of someone calling for help. They ran down an alley and found Richard Jackson [(Jackson or the victim)] lying on his back and bleeding from numerous gunshot wounds. Jackson told the officers that he was standing in the alley with "Danny" when the gunshots rang out and "Danny" fled. The victim was taken to the hospital in critical condition but ultimately survived the injuries. N.T., 7/5/2012, at 64-72; N.T., 7/10/2012, at 49-50, 57.
>
> Police were able to recover seven spent cartridges and a bullet casing near the victim, all of which matched a .25 caliber

_____

[*] Former Justice specially assigned to the Superior Court.

Beretta [handgun] that [police] found in a nearby yard a month after the shooting. There was a bullet fragment removed from the victim's body that was too large to be from the recovered Beretta. Police also recovered a .357 caliber revolver near the crime scene. N.T., 7/5/2012, at 73-75; N.T., 7/6/2012, at 24-25; N.T., 7/9/2012, at 110-13, 128-31, 153-59; N.T., 7/10/2012, at 57-58.

Following the police investigation, [Appellant] and Daniel Byrd were charged in connection with the shooting. Their cases were joined, but Byrd entered a negotiated guilty plea shortly before the trial was set to start.[1] Byrd did not testify at [Appellant's] trial.

At [Appellant's] preliminary hearing, the victim testified that he, [Appellant], Byrd, and an individual named Robert Sharp, who were all childhood friends, had been drinking at [Appellant's] house. The victim testified that he was very drunk. Furthermore, the victim testified that the four men had gone into the alley and the victim got in a verbal altercation with [Appellant] before [Appellant] struck the victim with a gun. Shortly thereafter, [Appellant] and Byrd shot the victim. N.T., 7/10/2012, at 4-47.

Robert Sharp gave a statement to detectives regarding the incident. He told them that the four men were drinking outside [Appellant's] house and at some point[, Appellant] pulled out a .38 caliber gun and pointed it at the victim[,] saying "I should blow your fucking head off." This was in reference to a prior occasion where victim knocked out [Appellant's] tooth. [Appellant] later gave the gun to Byrd. As the group was making its way through the alley, using it as a shortcut, [Appellant] stepped away from the group, claiming he had to urinate, and returned with a .25 caliber handgun, which he used to hit the victim in the head. [Appellant] and Byrd then shot the victim and told Sharp not to talk to the police. N.T., 7/10/2012, at 135-44; N.T. 7/11/2012 at 138.

At trial, Sharp recanted his statement to the detectives and testified … that [shortly before the shooting,] he had moved away from the group to send a text [on his cellular phone,] and then

_____

[1] In exchange for his negotiated plea, Byrd received a sentence of six to thirteen years in prison, followed by seven years of probation.

fled when he heard gunshots. However, the prosecution introduced evidence that Sharp recanted due to threats from [Appellant] and Byrd[,] including a phone call [(the prison call)] between Byrd and Sharp that talked about "D Money" threatening Sharp.[2] [Sharp's] police statement [and the prison call] was admitted as substantive evidence. N.T., 7/6/2012, at 175-98; N.T., 7/9/2012, at 4; N.T., 7/11/2012, at 190-91.

The victim was unable to testify at trial due to being involuntarily committed to a psychiatric facility for treatment of a schizoaffective disorder. The victim's psychiatrist testified that the victim was not competent to testify and was very unlikely to improve. Therefore, the victim's preliminary hearing testimony was read into evidence. N.T., 7/5/2012, at 16-20; N.T., 7/6/2012, at 6-14; N.T., 7/10/2012, at 4-47.

There was a third witness who testified, Al Timothy. He testified that he saw both [Appellant] and the victim on the night of the shooting shortly before the incident occurred. Later that evening, [Appellant] knocked on Timothy's door and warned him not to snitch[,] but Timothy, who did not know of the shooting yet, thought [Appellant] was referring to a different incident. N.T., 7/6/2012, at 107-09, 112-13, 141.

Finally, [Appellant] testified in his defense at trial. He testified that he had been drinking with the other men on the night of the shooting but around 8:30 p.m.[,] he left them to go to a family party[,] where he remained for the rest of the night. He denied going into the alley with the men, owning the type of firearms recovered from the area, warning Timothy to not snitch, and shooting the victim. [Appellant] also testified that he had been angry about the victim knocking out his tooth years earlier but did not hold a grudge because he understood that the victim's "mental capability was kind of shaky." N.T., 7/13/2012, at 138, 148-50.

PCRA Court Opinion, 4/6/23, at 2-4 (footnotes added; citations modified).

_____

[2] Appellant explains "'D-money[]' [] is a street-name used by [Appellant]. 'D-Money' is also tattooed on [Appellant's] arm." Appellant's Brief at 24; **see also** N.T., 7/11/12, at 190-91 (parties stipulating to the admission of the prison call referencing "D-Money").

In June 2012, the jury found Appellant guilty of attempted murder, aggravated assault, conspiracy to commit murder, conspiracy to commit aggravated assault, possession of an instrument of crime (PIC), and firearms not to be carried without a license.[3]  The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report (PSI).[4]  On January 23, 2013, the trial court imposed an aggregate sentence of 20 to 40 years in prison.[5]  Notably, Appellant did not file a post-sentence motion.

Appellant filed a timely direct appeal, raising two claims of trial court error: (1) the Commonwealth failed to present sufficient evidence for the fact-finder to convict Appellant of attempted murder; and (2) Jackson's declaration to the police immediately after his shooting (Jackson's statement), "was a testimonial statement made in violation of the Confrontation Clause."[6] *Commonwealth v. Burrus*, 116 A.3d 684, 631 EDA 2013 (Pa. Super. 2014) (unpublished memorandum at 5-9); *see also id.* at 4-6 (addressing

---

[3] 18 Pa.C.S.A. §§ 2502, 901(a), 903(a), 2702(a), 907(a), 6106(a)(1).

[4] The PSI is not contained in the certified record.

[5] At sentencing, Appellant's counsel, Fred Harrison, Jr., Esquire, asked the trial court for permission to withdraw as counsel, and to appoint Appellant new counsel.  N.T., 1/23/13, at 48.  The trial court granted Attorney Harrison's request.  *Id.* at 48-49.  The trial court subsequently appointed Jennifer Santiago, Esquire, to represent Appellant.  For purposes of the instant appeal, we collectively refer to Attorneys Harrison and Santiago as "trial counsel."

[6] "Under the Confrontation Clause of the Sixth Amendment, a criminal defendant has a right to confront witnesses against him." *Commonwealth v. Rivera*, 773 A.2d 131, 137 (Pa. 2001).

- 4 -

Appellant's challenge to the trial court's admission of Jackson's statement under the "excited utterance" exception to the rule against hearsay). This Court rejected Appellant's issues and affirmed the judgment of sentence. *See id.* Appellant did not petition for allowance of appeal to the Pennsylvania Supreme Court.

On December 8, 2015, Appellant, *pro se*, filed a timely, first PCRA petition. As the PCRA court correctly stated in its opinion, "[o]ver the next several years, two different PCRA attorneys were appointed and subsequently dismissed after rendering inadequate representation." PCRA Court Opinion, 4/6/23, at 1. This Court previously explained the convoluted PCRA history in *Commonwealth v. Burrus*, 258 A.3d 496, 110 EDA 2020 (Pa. Super. 2021) (unpublished memorandum at 1-4);[7] *see also* Amended PCRA Petition, 2/1/22, at 1-5 (correctly summarizing the procedural history).

The PCRA court appointed Appellant new counsel in June 2021. PCRA counsel filed an amended, first PCRA petition on Appellant's behalf on February 1, 2022. PCRA counsel claimed (1) trial counsel was ineffective for failing to file a post-verdict motion challenging the weight of the evidence; (2)

---

[7] In *Burrus*, we addressed Appellant's appeal from a prior PCRA court order dismissing Appellant's first PCRA petition. We vacated the order and remanded, for either (1) the appointment of new PCRA counsel; or (2) Appellant's previous PCRA counsel to file an amended PCRA petition or properly comply with the requirements for withdrawal as counsel detailed in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). *Burrus*, 258 A.3d 496 (unpublished memorandum at 12).

- 5 -

trial counsel was ineffective for failing to file a post-sentence motion for reconsideration of sentence; (3) appellate counsel was ineffective for failing to raise a Confrontation Clause claim challenging the Commonwealth's introduction of the victim's out-of-court statements into evidence; (4) appellate counsel was ineffective for failing to challenge the admission of the prison call into evidence; and (5) the Commonwealth violated Appellant's rights by failing to provide the defense with all required discovery prior to trial. Amended PCRA Petition, 2/1/22, at 6.

The Commonwealth filed a motion to dismiss Appellant's PCRA petition on June 2, 2022. On September 12, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without an evidentiary hearing. Appellant did not respond.

October 6, 2022, the PCRA court denied Appellant's PCRA petition, without an evidentiary hearing. This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents five issues for review:

Whether the PCRA [c]ourt's finding[s] are supported by the record and free of legal error by refusing to grant the relief requested in Appellant's PCRA Petition based upon the following:

1. Whether trial counsel was ineffective for failing to file a post sentence motion to reconsider sentence?

2. Whether trial counsel was ineffective for failing to file a post-verdict motion that the verdict was against the weight of the evidence?

3. Whether appellate counsel was ineffective for failing to raise issues of merit?

4. Whether Appellant was not given discovery thus preventing him from preparing for trial?

5. Whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing?

Appellant's Brief at 8 (issues enumerated and reordered for ease of disposition).

Our standard of review of a PCRA court's denial of relief is "limited to whether the court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). We review the PCRA court's decision for an abuse of discretion. *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013); *see also Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) ("This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." (citation omitted)). The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed in the PCRA court. *Commonwealth v. Hanible*, 30 A.3d 426, 438 (Pa. 2011).

In his first issue, Appellant claims that the PCRA court abused its discretion in denying relief on his claim that trial counsel was ineffective for failing to file a motion for reconsideration of sentence. *See* Appellant's Brief

at 16-18. Appellant contends his "aggregate sentence of 20 to 40 years [of] incarceration was harsh and unreasonable." *Id.* at 16. According to Appellant, the sentencing court improperly

> did not consider the fact that [Appellant] was offered a guilty plea offer of 8-16 years [in prison] prior to trial. Nor did the [c]ourt consider the fact that [] Byrd received a sentence of 6-13 years [of] incarceration as a result of a negotiated plea agreement.

*Id.* at 17. Finally, Appellant claims that "consecutive sentences for the inchoate offenses of conspiracy and [PIC] was prohibited under law." *Id.* at 18 (citing 18 Pa.C.S.A. § 906 (providing a "person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime.")).

The Commonwealth counters that the PCRA court properly rejected Appellant's claim of trial counsel's ineffectiveness, where any post-sentence motion to reconsider Appellant's sentence would be "meritless." *See* Commonwealth Brief at 9-11. According to the Commonwealth, Appellant's "aggregate sentence was reasonable, and trial counsel was not ineffective for not filing a post-sentence motion that would have been denied by the [trial] court." *Id.* at 9.

Appellant raises claims of ineffective assistance of counsel. The Pennsylvania Supreme Court has explained that a

> PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the

circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)).

In order to establish a claim of ineffectiveness, a PCRA petitioner must plead and prove:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). … Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citations modified). Pennsylvania law presumes counsel is effective; a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018); *see also Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) ("When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and quotation marks omitted)).

Where a PCRA petitioner asserts that defense counsel is ineffective for failing to file a motion for reconsideration of sentence, the petitioner must

prove actual prejudice. ***Commonwealth v. Reaves***, 923 A.2d 1119, 1131-32 (Pa. 2007). To demonstrate prejudice, the petitioner must plead and prove that a motion for reconsideration of sentence, if filed, would have led to a "different and more favorable outcome," namely, "if counsel's objection secured a reduction of his sentence." ***Id.*** at 1132.

Instantly, Appellant claims trial counsel was ineffective for failing to challenge the discretionary aspects of Appellant's sentence. Such a claim is cognizable under the PCRA. ***Commonwealth v. Sarvey***, 199 A.3d 436, 455 (Pa. Super. 2018) ("claims implicating the discretionary aspects of sentencing raised in the context of an ineffectiveness claim are cognizable under the PCRA.").

Sentencing "is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Barnes***, 167 A.3d 110, 122 n.9 (Pa. Super. 2017) (*en banc*) (citation omitted); ***see also Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (stating an abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of "partiality, prejudice, bias or ill will." (citation omitted)).

The Pennsylvania Supreme Court has explained:

The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position

to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citations and quotation marks omitted).

A sentencing court must also consider the sentencing guidelines. *See Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). Here, it is undisputed that the sentences imposed for each charge fall within the standard range of the sentencing guidelines. Therefore, we may only vacate Appellant's sentence if "the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1254 (Pa. Super. 2014). An "unreasonable" decision is "one that is irrational or not guided by sound judgment." *Sarvey*, 199 A.3d at 456 (citation and quotation marks omitted).

Here, the PCRA court rejected Appellant's ineffectiveness claim based on trial counsel's failure to challenge the discretionary aspects of sentence, reasoning as follows:

[Appellant] was sentenced to consecutive terms of 15 to 30 years in prison for attempted murder, 3 to 6 years for carrying an unlicensed firearm, and 2 to 4 years for [PIC]. None of these sentences exceeded the maximum limit. *See* 18 Pa.C.S. § 1102(c) (40-year maximum for attempted murder when serious bodily injury occurs); *Id.* § 6106 (carrying an unlicensed firearm

- 11 -

is a third-degree felony); *Id.* § 1103(3) (7-year maximum for third-degree felonies); *Id.* § 907(a) (possessing an instrument of crime is a first-degree misdemeanor); *Id.* § 1104(1) (5-year maximum for first-degree misdemeanors).

The Commonwealth and [trial] counsel agreed on the guideline ranges for the offenses and **the Commonwealth recommended an aggregate sentence of 25 to 50 years [in prison], which was within the [sentencing] guidelines**. [The sentencing c]ourt took the recommendation into account but decided that based on the relevant information[,] **the sentence imposed [(*i.e.*, 20 to 40 years in prison),] would be less than that recommended by the Commonwealth.** Among the information considered, this [c]ourt noted the credibility of the defense witnesses as well as the age of [Appellant] at the time of the offense. *See* N.T., 1/13/2013, at 44-45.[8]

In addition to the length of the sentence, [Appellant] also argues that it was improper for [the trial c]ourt to impose consecutive sentences for conspiracy and [PIC] under 18 Pa.C.S. § 906, which prohibits convictions for multiple inchoate crimes designed to commit the same offense. … However, [**Appellant**] **was not sentenced on the conspiracy or** [**aggravated**]

_____

[8] The trial court stated as follows in imposing Appellant's sentence:

I've considered the arguments of counsel, the statement of [Appellant, and] the [PSI] reports. I've reviewed my notes from the trial. I'm familiar with the facts of this case. The recommendation of the district attorney is not unreasonable considering the seriousness of this offense. And 25 to 50 [years in prison] would certainly be a legal sentence and consistent with the [sentencing] guidelines.

However, I am impressed by the defense witnesses who testified today. I am also mindful of [Appellant's] youth. None of that in any way excuses what he did in this case. The real driving force in this sentencing is the seriousness of that conduct that night and the seriousness of the [victim's] injuries. However, I'm not going to impose the sentence recommended by the DA.

N.T., 1/13/13, at 44-45 (formatting modified).

- 12 -

**assault convictions**, which merged for sentencing purposes. N.T., 1/23/2013, at 10-11. If [Appellant] is arguing that consecutive sentences for attempted murder and [PIC] are prohibited, his claim fails where the latter offense is "specifically excluded" when section 906 was revised. *Commonwealth v. Ly*, 599 A.2d 613, 623 (Pa. 1991); *Commonwealth v. Ah Thank Lee*, 566 A.2d 1205, 1208 (Pa. Super. 1989).

[Appellant's] sentence is proper, and [trial] counsel was not ineffective for not filing a meritless motion to reconsider.

PCRA Court Opinion, 4/6/23, at 8-9 (emphasis and footnote added; some citations modified).[9]

Our review confirms the PCRA court's foregoing reasoning is supported by the record and the law. *See id.* Contrary to Appellant's bald claim, his standard-guideline-range sentence was not unreasonable.[10] *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."); *see*

_____

[9] The PCRA court, which also presided over the proceedings prior to Appellant's direct appeal, previously opined that Appellant's sentence was reasonable and not an abuse of discretion. *See* Trial Court Opinion, 2/19/14, at 14-15.

[10] We further note that the sentencing court had the benefit of a PSI. Accordingly, this Court will presume that the sentencing court was aware of, and considered all relevant factors, and "[h]aving been fully informed by the [PSI], the sentencing court's discretion should not be disturbed." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988); *see also Commonwealth v. Conklin*, 275 A.3d 1087, 1098 (Pa. Super. 2022) (stating, "where the sentencing judge had the benefit of a [PSI], it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." (citation omitted)).

*also Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa. 2011) ("stress[ing] that boilerplate allegations and bald assertions … cannot satisfy a petitioner's burden to prove that counsel was ineffective."); *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007) (stating "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently"). There is no reasonable probability that Appellant would have received a reduction in his sentence had trial counsel challenged the sentence; thus, Appellant is unable to establish prejudice. *Reaves*, 923 A.2d at 1132.

Finally, there is no merit to Appellant's claim that the sentencing court erred in failing to consider the facts that (1) "[Appellant] was offered a guilty plea offer of 8-16 years [in prison] prior to trial"; and (2) Appellant received a higher sentence than Byrd, Appellant's co-conspirator. Appellant's Brief at 17. Byrd, unlike Appellant, chose to accept the Commonwealth's negotiated plea offer and take responsibility for his crimes.

Based on the foregoing, we conclude the PCRA court did not abuse its discretion in denying relief on Appellant's claim of trial counsel's ineffectiveness. Appellant's first issue does not merit relief.

In his second issue, Appellant contends the PCRA court improperly denied relief on his ineffectiveness claim based on trial counsel's failure to file a post-verdict motion challenging the verdict as against the weight of the evidence. *See* Appellant's Brief at 18-20. According to Appellant, the trial "testimony of [Appellant] and his defense witnesses established that []he did

not take any part" in the crimes. *Id.* at 20; *see also id.* at 19 ("there is no evidence linking [Appellant] to either of the firearms … that were allegedly used in the shooting.").

The Commonwealth counters that the PCRA court properly denied relief on this claim of trial counsel's ineffectiveness, where Appellant's foregoing arguments

> constitute[] an attack on the **sufficiency** of the evidence. And on direct appeal, the trial court and this [C]ourt both found that the Commonwealth presented sufficient evidence for [Appellant's] convictions. *See* … *Burrus*, 631 EDA 2013 [(unpublished memorandum at] 6–9[)]; *see also* [Trial Court] Opinion[,] 2/19/14 … [at] 9-12.

Commonwealth Brief at 12 (emphasis in original). We agree.

It is well settled that sufficiency of the evidence claims are distinct from weight of the evidence claims, as there are different standards of review as well as separate remedies. *See Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (discussing the distinctions between the separate claims). This Court has explained:

> [A] challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, but questions which evidence is to be believed.

*Commonwealth v. Richard*, 150 A.3d 504, 516 (Pa. Super. 2016) (citation and quotation marks omitted).

Instantly, Appellant's arguments go to the sufficiency, not weight, of the evidence. *See* Appellant's Brief at 19; *cf. Richard*, 150 A.3d at 516. This

Court addressed on direct appeal Appellant's challenge to the sufficiency of the evidence underlying his attempted murder conviction. *See Burrus*, 116 A.3d 684 (unpublished memorandum at 6-9). Previously litigated claims are not cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(3); *Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa. Super. 2000).

Nevertheless, even if Appellant had properly raised a claim of trial counsel's ineffectiveness for failure to raise a weight challenge, we conclude that such claim would lack merit. Our Supreme Court has explained that "[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Sanchez*, 36 A.3d 24, 27 (Pa. 2011) (citation and quotation marks omitted). "The weight of the evidence is exclusively for the finder of fact[,] who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted).

In its opinion, the PCRA court determined that "[t]rial counsel was not ineffective for failing to raise a meritless challenge to the weight of the evidence." PCRA Court Opinion, 4/6/23, at 10. The PCRA court reasoned:

> It is the jury's prerogative to find Jackson's account credible. *Commonwealth v. Clemons*, 200 A.3d 441, 464 (Pa. 2019) ("The jury is the ultimate fact-finder and the sole arbiter of the credibility of each of the witnesses."). Jackson identified

[Appellant] as one of the shooters at both the scene of the crime and the preliminary hearing. While Jackson was intoxicated at the time of the shooting, his account was strongly supported by other evidence. **Sharp's police statement aligns with Jackson's account and unequivocally identifies [Appellant] as one of the shooters.** *See* N.T.[,] 7/6/2012[,] at 175-83. The fact that the victim was unavailable at trial does not render his account less valid. Furthermore, the verdict is not against the weight simply because [Appellant] testified that he did not take part in the shooting. The jury [wa]s free to disbelieve [Appellant's] self-serving assertion. ***Commonwealth v. Rivera***, 983 A.2d 1211, 1222 (Pa. 2009). … Statements and testimony by Jackson, Sharp, and Timothy strongly support the verdict and it is up to the jury to determine the credibility of the statements.

PCRA Court Opinion, 4/6/23, at 9-10 (emphasis added; formatting modified).

Our review discloses the PCRA court's above reasoning is supported by the record and the law. ***See id.***; ***see also Commonwealth v. Sanchez***, 262 A.3d 1283, 1288-89 (Pa. Super. 2021) ("Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record." (internal citations omitted)). Thus, as there was no merit to a weight challenge, trial counsel cannot be ineffective for failing to raise a weight claim in a post-verdict motion. ***See Treiber***, 121 A.3d at 445 (counsel cannot be deemed ineffective for failing to raise a meritless claim). Appellant's second issue does not warrant relief.

In his third issue, Appellant contends that he was entitled to PCRA relief, where appellate counsel was ineffective for failing to challenge the

Commonwealth's violation of the Confrontation Clause. **See** Appellant's Brief at 20-25.[11] Appellant first claims appellate counsel should have challenged the admissibility of (1) Jackson's statement to police at the scene of the shooting; and (2) Jackson's preliminary hearing testimony, where Jackson was improperly deemed "unavailable" due to his hospitalization. **See id.** at 21-23; **see also id.** at 22 (claiming "[t]here was no reasonable basis for deeming Jackson, the main witness in this case, to be unavailable."). Appellant complains he was denied "a full and fair opportunity to cross-examine Jackson, thus violating the Confrontation Clause." **Id.** at 23.

"Whether the admission of [certain evidence] violated appellant's rights under the Confrontation Clause is a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Banko**, 268 A.3d 484, 487 (Pa. Super. 2022) (citations omitted). "The Confrontation Clause … prohibits out-of-court **testimonial** statements by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination." **Commonwealth v. Yohe**, 79 A.3d 520, 531 (Pa. 2013) (emphasis added; footnote omitted)); **see also Banko**, 268 A.3d at 488-89 (explaining test to determine whether a statement is testimonial). "[N]on-testimonial statements do not implicate Confrontation Clause concerns." **Banko**, 268 A.3d at 487 (footnote omitted).

_____

[11] Appellant's third issue presents two separate claims of appellate counsel's ineffectiveness with respect to the Confrontation Clause.

Instantly, the PCRA court rejected Appellant's claim of appellate counsel's ineffectiveness:

In the present case, the victim was unavailable to testify at trial because he was involuntarily committed to a psychiatric facility. An expert witness testified that the victim suffered from schizoaffective disorder, which rendered him incompetent to testify[,] and that the victim's health was very unlikely to improve. N.T.[,] 7/5/2012[,] at 16-20; N.T.[,] 7/6/2012[,] at 6-14. Due to the victim's unavailability, his statement to [police] officers at the scene and his preliminary hearing testimony were both allowed into evidence. Neither of these statements violated [Appellant's] Confrontation Clause rights.

First, appellate counsel argued on direct appeal that the officer's testimony about what Jackson told him after being shot violated the Confrontation Clause. The Superior Court rejected this claim on the merits, explaining that the victim's statement was not testimonial and therefore did not implicate the Confrontation Clause. *See* [*Burrus*, 116 A.3d 684] at 6 [(unpublished memorandum)]; *Michigan v. Bryant*, 562 U.S. 344, 374-75 (2011) (finding shooting victim's statements non-testimonial because police officers were responding to an ongoing emergency when they found victim in critical condition and asked what happened); … *Banko*, 268 A.3d [at] 487 (Pa. Super. 2022)…. Appellate counsel cannot be ineffective for failing to raise a meritless claim, or for failing to raise a claim that counsel did, in fact, raise. [*Commonwealth v.*] *Robinson*, 82 A.3d [998,] 1005 [(Pa. 2013)]; … *Hanible*, 30 A.3d [at] 461….

Second, the victim's preliminary hearing testimony was admissible under the Confrontation Clause because the victim was unavailable for trial and [Appellant] previously had the opportunity to cross-examine the victim at the preliminary hearing. The victim was unavailable due to his mental health pursuant to section 804(a)([4]) of the Pennsylvania Rules of Evidence. [Pa.R.E. 804(a)(4) (providing a "declarant is considered to be unavailable as a witness if the declarant … cannot be present or testify at the trial or hearing because of … a then-existing infirmity … or mental illness….").] Furthermore, **defense counsel cross-examined the victim extensively at the preliminary hearing.** N.T.[,] 6/29/2009[,] at 13-48. In *Commonwealth v. Wholaver*, the Pennsylvania Supreme Court

stated "[w]here the defendant has had the opportunity to cross-examine a witness at a preliminary hearing, probing into areas such as bias and testing the veracity of the testimony, cross-examination, and thus confrontation, within the meaning of the Sixth Amendment has been accomplished."  989 A.2d 883, 904 (Pa. 2010).  Therefore, appellate counsel was not ineffective for failing to raise a meritless challenge.

PCRA Court Opinion, 4/6/23, at 10-11 (emphasis added).  The PCRA court's reasoning is supported by the record and the law.  *See id.*  We conclude the PCRA court did not err in rejecting Appellant's instant claim of appellate counsel's ineffectiveness.

With respect to Appellant's second claim of appellate counsel's ineffectiveness under the Confrontation Clause, he contends counsel should have challenged admission of the recorded prison call between Byrd and Sharp (*i.e.*, wherein Byrd made inculpatory statements, identified Appellant by his nickname, "D Money," and talked about Appellant threatening Sharp).  ***See*** Appellant's Brief at 24-25.  Appellant contends that admission of the prison call constituted a violation of his Confrontation Clause rights and deprived him of a fair trial.  ***Id.*** (citing ***Bruton v. United States***, 391 U.S. 123, 135-36 (1968) (holding that in a **joint trial**, the admission of a non-testifying codefendant's prior statement against a defendant violates the Confrontation Clause)).

In its opinion, the PCRA court rejected Appellant's ineffectiveness claim and distinguished ***Bruton***, reasoning as follows:

> ***Bruton*** does not apply here.  Byrd entered a guilty plea prior to the start of trial so **there is no joint trial** as required by ***Bruton***.

- 20 -

Furthermore, **the p[rison] call conversation was not introduced as evidence of [Appellant's] guilt**, but instead, to show that Sharp recanted his police statement only after being threatened. Nothing in the record indicates that Byrd implicated [Appellant] in the shooting during that p[rison] call conversation.

Regardless, "non-testimonial statements do not implicate Confrontation Clause concerns." **Banko**, 268 A.3d at 487. **The comments made between Byrd and Sharp on the p[rison] call were not testimonial**. Statements are considered testimonial when their primary purpose is to create a record for trial, which typically involves situations like police interrogations or preliminary hearings. **Michigan v. Bryant**, 562 U.S. 344, 358-59 (2011); **Crawford** [**v. Washington**], 541 U.S. [36,] 51 [(2004)] ("An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not.").

The [prison call] conversation between Byrd and Sharp is clearly non-testimonial. It is a conversation between acquaintances and there [wa]s no intent to use it at trial. Even if Byrd and Sharp "were aware that the prison was recording their conversation, a declarant's understanding that a statement could potentially serve as criminal evidence does not necessarily denote `testimonial[] intent.'" **United States v. Jones**, 716 F.3d 851, 856 (4th Cir. 2013); **see also Davis v. Washington**, 547 U.S. 813, 822, (2006) (holding that statements made during 911 emergency phone call were non-testimonial when uttered only "to enable police assistance to meet an ongoing emergency"). There is no indication that the phone conversation here was intended for use at trial.

Since the statement was non-testimonial, the Confrontation Clause did not apply[,] and therefore[, appellate c]ounsel was not ineffective for failing to raise a meritless claim.

PCRA Court Opinion, 4/6/23, at 12-13 (emphasis added). The PCRA court's reasoning is again supported by the record and the law. **See id.** Accordingly, we conclude the PCRA court did not abuse its discretion in rejecting Appellant's

claims of appellate counsel's ineffectiveness. Appellant's third issue does not merit relief.

In his fourth issue, Appellant claims that the PCRA court improperly denied his PCRA petition, where the defense "was never provided any discovery materials prior to trial[,] which deprived [Appellant] of the ability to prepare in his defense." Appellant's Brief at 26.

We first address whether Appellant preserved this issue. Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); **Commonwealth v. Jones**, 815 A.2d 598, 607 (Pa. 2002). Appellant raised the discovery claim for the first time in his PCRA petition. Appellant could have raised this claim on direct appeal, but he failed to do so. Accordingly, this claim is waived pursuant to section 9544(b). **See Commonwealth v. Turetsky**, 925 A.2d 876, 879 (Pa. Super. 2007) ("An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." (citation omitted)); **see also Commonwealth v. Rivers**, 786 A.2d 923, 929 (Pa. 2001) ("PCRA claims are not merely direct appeal claims that are made at a later stage of the proceedings, cloaked in a boilerplate assertion of counsel's ineffectiveness." (citation omitted)).

In his fifth and final issue, Appellant argues that the PCRA court improperly denied his PCRA petition without holding an evidentiary hearing. *See* Appellant's Brief at 15-16.

This Court has explained:

A PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. The right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record … to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Williams*, 244 A.3d 1281, 1287 (Pa. Super. 2021) (citations and brackets omitted; formatting modified); *see also Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (Where there are no genuine issues of material fact that exist with respect to a claim in a PCRA petition, the PCRA court is not required to hold an evidentiary hearing).

We have already determined that none of Appellant's claims under the PCRA merit relief. Accordingly, the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing on Appellant's PCRA petition. *See Williams*, 244 A.3d at 1287.

Based on the foregoing, we affirm the PCRA court's order denying Appellant's first PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/16/2024